IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CLARENCE R. SANKS, :
:
    Plaintiff, :
:
v. : CASE NO. 4:09-CV-87-CDL-MSH
:
TIMOTHY FRANKLIN, :
:
    Defendant. :

## REPORT & RECOMMENDATION

Presently pending before the court is the Defendant Timothy Franklin's Motion for Summary Judgment, filed on August 14, 2009. (R. 58.) Plaintiff filed his response on August 9, 2010. (R. 61.) For the reasons explained below, it is recommended that Defendant's motion be granted.

## STANDARD OF REVIEW

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Summary judgment is appropriate when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384, 1387-88 (11th Cir.1991).

## BACKGROUND

### I. Plaintiff's Complaint

Plaintiff's claims stem primarily from incidents occurring in his Muscogee County Jail cell on July 3rd and 4th, 2009. Plaintiff, who was at the time a pretrial detainee, contends that on July 3rd, second-shift officers opened the flap of Plaintiff's cell door to increase air circulation because the air conditioner was broken and Plaintiff was having difficulty breathing due to a broken nose. Plaintiff alleges that the flap was accidentally shut, and he began "gasping for air and starting to fa[i]nt." (R. 1 at 4.) He contends that various inmates attempted to alert prison officials to Plaintiff's condition for an hour and twenty minutes, but

nothing was done to help him. (*Id.*) During that morning's medical rounds, Plaintiff alleges that he tried to advise jail officer Defendant Timothy Franklin and the nurse who was dispensing medication of his breathing condition and that he was medically required to keep the flap open. Defendant Franklin allegedly told Plaintiff that if he continued talking, he would close the flap. (*Id.*)

During the following morning's medical rounds, Plaintiff claims Franklin and the nurse observed Plaintiff "gasping for air as sweat was running off of [his] face," and Plaintiff "begged [Franklin] to leave [his] flap door opened while on [his] knee's with [his] head through the flap door holding [his] medical request." (R. 1 at 4.) Plaintiff alleges that Franklin "shut the flap with [Plaintiff's] face in it," tearing the medical request and striking Plaintiff in his previously-fractured nose, "causing great pain to [his] nose." (*Id.*) Plaintiff then alleges that he "begged" Franklin for medical attention and told Franklin he was "about to die." (*Id.* at 4, 6.) Franklin reportedly informed Plaintiff that if Plaintiff died, his "death wouldn't be on his hands." (*Id.* at 6.) Plaintiff contends that Franklin's actions "subjected [Plaintiff] for over 2 days to cruel & unusual punishment being inflicted by violating [Plaintiff's] 8th Amendment rights." (*Id.*) Plaintiff contends that he still requires pain medication because his "head & nose constantly hurts & ache." (*Id.* at 4.)

## II.     Defendant's Motion for Summary Judgment

Defendant Timothy Franklin moves this court for summary judgment as to claims made against him in his individual capacity on four separate and distinct grounds. (R. 58-4.) Defendant Franklin first asserts that Plaintiff filed suit against the wrong individual. (*Id.*)

3

Assuming for purposes of the Motion for Summary Judgment that Plaintiff has sued the correct person, Defendant Franklin then contends that judgment should be entered in his favor on the merits because: the record contains no evidence of a violation of Plaintiff's constitutional rights; the suit is barred by the defense of qualified immunity; and, any injury suffered by Plaintiff is *de minimis* and therefore not compensable as a matter of law. (*Id.*) Plaintiff timely filed a response to the motion for summary judgment designated as "Plaintiff's Motion Objecting Defendant's Plea of Summary Judgment" on August 9, 2010, and urged therein that genuine issues of material facts exist in the record requiring a trial on the merits. (R. 61.) For the reasons set forth, below, it is recommended that the Defendant's Motion for Summary Judgment be granted.

## DISCUSSION

**I.     Identity of Defendant Franklin**

Defendant first contends that his Motion for Summary Judgment should be granted because Plaintiff filed suit against the wrong individual. Specifically, Defendant argues that Plaintiff has actually attempted to assert a cause of action under 42 U.S.C. § 1983 against a correctional officer named *Spencer* Franklin, not the named Defendant *Timothy* Franklin. Plaintiff admitted the same at his deposition. (R. 58-4 at 5, 6.) Furthermore, Plaintiff concedes in his response to the motion for summary judgment that he did not know the "real name" of the correctional officer against whom he intended to bring suit, but argues that he is nevertheless entitled to pursue his cause of action because of his "good faith" in attempting

4

to correct that error.[1] (R. 61 at 24.)

Before an action can be brought under 42 U.S.C. § 1983, a person in custody must exhaust all administrative remedies available to him. 42 U.S.C. § 1997e(a) has been construed to require the exhaustion of all "available" remedies only and has been held to permit a person in custody to meet the requirement of administrative exhaustion despite his failure to use in the administrative complaint process the correct proper names of the individuals claimed to be responsible for the violation of his constitutionally guaranteed rights. *Brown v. Sikes,* 212F.3d 1205 (11th Cir, 2000). In *Brown,* the Eleventh Circuit held that a person in custody cannot be required to provide information he cannot "reasonably obtain" *Brown,* at 1210. The court in *Brown*, however, specifically noted that where the issue is the identity and names of individuals alleged to be responsible for a deprivation of rights secured by the Constitution or federal law, the district court can meet its obligation to liberally construe *pro se* pleadings by its decision to "permit the plaintiff to obtain their identity through discovery . . . ." *Brown,* at 1209, fn. 4.

Here, discovery was specifically provided for in the Report and Recommendation of November 17, 2009. (R. 38, p. 18.) Plaintiff was therefore informed and on notice that the

---

[1] Plaintiff "notes" in his Response that he attempted to amend his complaint to correct Defendant Franklin's name, but the Court denied his attempt in its Report and Recommendation of November 17, 2009. (R. 38). A review of the pleadings and November 17 R&R reveals that Plaintiff never attempted to amend his complaint. Moreover, the only mention of amending Plaintiff's complaint in the November 17 R&R was a statement by the Court in a footnote that "Plaintiff has not sought to amend his Complaint to assert these additional official capacity claims. As such, the court will not consider them." (*Id.* at 5.)

various mechanisms of discovery were available to him in pursuit of his claim. Cited with approval in *Brown* is *Duncan v. Duckworth,* 644 F.2d 653 (7th Cir. 1981), which held that the correct procedure to be followed by district courts in § 1983 cases where the *pro se* plaintiff is unable to plead the actual name of the person he alleges to be responsible for his claimed harm is to permit discovery, as was done here, and to "allow the named defendant to assert his own noninvolvement." *Duncan,* at 655-56. Defendant *Timothy* Franklin has been sued only in his individual capacity and has asserted his noninvolvement, which has been conceded by Plaintiff under oath at his deposition. Defendant *Timothy* Franklin is therefore entitled to summary judgment.

## II.     Violation of Plaintiff's Constitutional Rights

A violation of a pretrial detainee's Fourteenth Amendment right of due process occurs when a jail official or custodial officer acts with deliberate indifference to the detainee's serious medical needs. *Lancaster v. Monroe County, Ala.* 116 F.3d 1419 (11th Cir. 1997). In order to prevail on this constitutional claim and to recover in this case, Plaintiff must establish that Defendant Franklin was deliberately indifferent to his needs. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). The United States Supreme Court has further held that prison officials cannot be held accountable "under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as infliction of punishment." *Id*. at 848. "Thus, the official must have a subjectively sufficiently culpable state of mind." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (internal citations omitted). "Likewise, in addition to the subjective awareness of the relevant risk, *Estelle* requires that plaintiff show more than mere negligence to establish a violation of the Eighth Amendment. . . ." *McElligott*, at 1255; citing *Estelle v. Gamble*, 429 U.S. 97 (1976).

In this case, Plaintiff contends that he was subjected to excessive heat as a result of a malfunctioning air cooling system and that the actions of a jailer in closing the door flap deprived him of fresh air. (R. 1.) Plaintiff contends that this constitutes deliberate indifference to his serious medical needs. There is, however, no evidence that jail officials caused the cooling system to malfunction nor failed to take reasonable and prompt measures to have it repaired. Plaintiff does not specifically allege such. He centers his complaint on the closing of the cell door flap and the resulting loss of fresh air for what he claims is a number of hours.

The Eighth Amendment does not mandate that a prison or jail facility be comfortable, but prohibits conditions or treatment (including lack of treatment for serious medical needs)

7

that are inhumane. *Wilson v. Seiter,* 501 U.S. 294 (1991). Under *Wilson,* supra, the subjective and deliberate indifference component of Eighth and Fourteenth Amendment analysis is required in all condition of detention claims. While the Plaintiff alleges that a jail official disclaimed "my death will not be on his hands . . ." when the Plaintiff and his cellmates complained of the lack of ventilation (R. 61, p. 4), there is no evidence in the record to support either a deliberate and subjective indifference on the part of any jail official to any serious medical need of the Plaintiff or serious harm or injury suffered by the Plaintiff as a result. Plaintiff's allegations of "congestion" without more cannot be characterized as "serious harm" under any authority governing the conduct of custodial officials. *Farmer v. Brennan,* 511 U.S. 825 (1994). It is unchallenged in the record that no medical order existed at the time when the cell flap was closed and no evidence of a medical need on the part of Plaintiff left unmet other than Plaintiff's assertion that he had been given "Flo-Nase," "Claritin" and "Benadryl" by the jail clinic for what he describes as a deviated septum. (R. 61, p. 2.) Since it is undisputed that no immediate medical attention was required to avoid or mitigate serious harm or physical injury to the Plaintiff during the hours that the air cooling system was not functioning properly, the Defendant is entitled to summary judgment. *Quinlan v. Pers. Transp. Servs., Co.,* 329 Fed. App'x. 246 (11th Cir. 2009).

### III. Qualified Immunity

Defendant Timothy Franklin, in his individual capacity, asserted in his answer and asserts again in his motion for summary judgment the defense of qualified immunity from

8

suit. (R. 31, 58.) Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Saucier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier,* 121 S.Ct. at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* "The contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." *Id.*

Once the defendant, however, fulfills his burden of showing that the complained of actions were taken by the defendant in the scope of his discretionary authority, the burden shifts to the plaintiff to show that the acts were a violation of a clearly established constitutional right. Inferences may be drawn in the nonmovant's favor only to the extent they are supported in the record. *Evans v. Stephens,* 407 F.3d 1272 (11th Cir. 2005).

9

In order to demonstrate that Defendant Franklin violated Plaintiff's due process rights guaranteed to him under the Fourteenth Amendment, Plaintiff must point to facts in the record which, when viewed in a light most favorable to him, establish both an objectively serious medical need and deliberate indifference to such need by Defendant. *Burnette v. Taylor,* 533 F.3d 1325, 1330 (11th Cir. 2008). As stated above, "deliberate indifference" requires Plaintiff to show that Defendant Franklin (1) had subjective knowledge of a risk of serious harm; (2) that Defendant Franklin disregarded that risk; (3) by conduct that exceeds gross negligence. *Burnette,* 533 F.3d at 1330. Plaintiff contends that the decision to either shut or leave shut the cell flap during a time when the jail cooling system was not fully functioning was made by Defendant Franklin and that both Plaintiff and others called out to Franklin about the discomfort and lack of good ventilation during the six to seven hours the system failed to properly function. As to Franklin's disregard of any risk associated with inadequate ventilation, Plaintiff alleges that Defendant Franklin said " my death won't be on his hands." (R. 61, p. 2.) Plaintiff also alleges in this context that Franklin said "I'm not going to call anyone." (*Id.*) Plaintiff fails to demonstrate an objectively serious medical need of which Defendant was aware and which Franklin disregarded in a manner exceeding gross negligence. The evidence in the record shows at the most that Plaintiff was uncomfortable and was congested for a period of time afterwards. As a matter of law, the facts established in the record, even viewed in the light most favorable to Plaintiff, do not amount to a constitutional violation of Plaintiff's Fourteenth Amendment right to the due process of law. *Fernandez v. Metro Dade Police Dept.* 2010 WL 3069655 (11th Cir. Aug. 6, 2010). The

motion for summary judgment filed by Defendant Franklin should, therefore, be granted.

## IV. *De Minimis* Injury

Defendant Franklin also contends that Plaintiff's complaint should be dismissed where he failed to allege more than a *de minimis* injury. (R. 58-4.) Plaintiff asserts that, as a result of Defendant Franklin's actions, he suffered from congestion. It is significant, and determinative under the *Fernandez* decision, above, that no extended regimen of medical care was prescribed for Plaintiff as a result of the asserted mistreatment. Indeed, Plaintiff's Response to the Motion for Summary Judgment stated that he was under a course of treatment with Flo-Nase and Benadryl at the time the air conditioning system malfunctioned. Cited with approval in *Fernandez* is the Fourth Circuit Court of Appeals' case of *Martin v. Gentile*, 849 F.2d 863 (4th Cir. 1988) distinguishing between physical sensations which are ". . . no doubt uncomfortable . . ." from serious injury. *Martin,* 849 F.2d at 871. The *Fernandez* court held that as a matter of law, the facts plaintiff presented (bleeding and low grade traumatic injury including excised glass requiring no more than Tylenol) did not establish that the plaintiff in that case had suffered an objectively serious medical need and that, consequently, no constitutional violation occurred. *Fernandez,* 2010 WL 3069655 at 6.

The record shows that for a period of no more than seven hours, the air conditioning system at the jail where Plaintiff was held malfunctioned and the cell flap was closed, causing Plaintiff congestion and nothing more. This, at most, constitutes a *de minimis* injury,

and therefore, the motion for summary judgment filed by Defendant Timothy Franklin should be GRANTED.

## CONCLUSION

To preclude summary judgment once the moving party has provided evidence failing to show that any issues of fact remain, the non-moving party must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted sworn statements and provided credible evidence, Defendant Franklin, as the moving party, has met his burden of proof. That is, he has demonstrated to the court that there is an absence of any genuine issue of material fact left to be determined in this case. In response, when the burden of proving that the Defendant was not entitled to a judgment as a matter of law shifted to the Plaintiff, he merely made allegations of misconduct, without supporting his contentions. All of the evidence in this case was examined in a light more favorable to the non-moving party as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). The Defendant, however, has shown that no material fact upon which relief may be granted still exists, therefore, it is recommended that Defendant's Motion for Summary Judgment be

**GRANTED.**

**ACCORDINGLY**, because it appears that Defendant Timothy Franklin is entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed by be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 24th day of August, 2010.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE

lws